UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IRVING BELL,                                   )
                                               )
                    Plaintiff,                 )
                                               )
        vs.                                    )    04 C 7184
                                               )
MICHAEL F. SHEAHAN in his official capacity;   )
and JOSEPH ANDALINA and JOSEPH R.              )
MAZZONE in their official capacities,          )
                                               )
                    Defendants.                )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Defendants Michael Sheahan, Joseph Andalina, and Joseph Mazzone to dismiss the complaint of Plaintiff Irving Bell pursuant to Fed. R. Civ. Proc. 12(b)(6). For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

Because this case comes to us in the context of a motion to dismiss, we take all well-pleaded facts alleged in the complaint as true. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). According to the complaint, Sheahan is the sheriff of Cook County, Illinois. Bell was an employee of the Cook County Department of Corrections from

1985 until 2002. Andalina is the president of the Metropolitan Alliance of Police ("MAP"), a union to which Bell formerly belonged. Mazzone is an attorney who represented Bell in proceedings connected with the events described herein.

In late 2002, after lodging complaints about departmental requirements with respect to overtime work, Bell went before a "Loudermill hearing board," who recommended to the Cook County Sheriff's Merit Board that his employment be terminated. The Merit Board acted on the recommendation, a decision that Bell submitted to the Circuit Court of Cook County for administrative review. During at least the latter two proceedings, MAP provided Mazzone as legal counsel for Bell.

Bell alleges that he did not receive notice from Mazzone that the state court had rendered a decision unfavorable to him in reviewing the Merit Board's decision, precluding him from filing a timely appeal of the decision. Once he was notified, Bell filed the instant suit alleging violations of 42 U.S.C. §§ 1983, 1985, and 2000e-3, amending the complaint once. Defendants now move to dismiss the complaint in its entirety pursuant to Fed. R. Civ. Proc. 12(b)(6).

**LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the

plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993); Perkins v. Silverstein, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed under this rule unless it is patently clear that the plaintiff cannot prove any set of facts in support of the claim that could entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A pleading need only convey enough information that the defendant is able to understand the gravamen of the complaint. Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir. 1999). With these principles in mind, we consider the instant motion.

## DISCUSSION

### A. 42 U.S.C. § 1983 Claims

Initially, we note that the allegations of the complaint do not allow an inference that Andalina or Mazzone were acting under color of state law during the events described. Leahy v. Bd. of Trustees of Comm. Coll. Dist. No. 508, 912 F.2d 917, 921-22 (7th Cir. 1990). Accordingly, our examination of Bell's § 1983 claims focuses only on Sheahan.

The two potential claims embraced by Bell's assertions are premised on violations of the Fourteenth Amendment's guarantees of 1) procedural due process

when an individual is deprived of a property interest and 2) equal protection of the laws. Sheahan first attacks the viability of Bell's procedural due process claim by asserting that it cannot stand because the allegations of the complaint demonstrate that Bell received all the process he was due prior to losing his job. The complaint states that Bell presented his case before a hearing board, a merit board, and the Circuit Court of Cook County. While these allegations establish that Bell was afforded some form of notice and opportunity to be heard before his employment was terminated, whether he received all the process that he was due is not a question we can properly address on the current record. See Levenstein v. Salafsky, 164 F.3d 345, 351-52 (7th Cir. 1998).

Despite the fact that the adequacy of the process employed in Bell's case cannot be properly determined, Bell's complaint suffers from other infirmities that prevent his case from continuing in its present form. Taking the allegations of the complaint at face value, Bell alleges deprivation of his constitutional rights by Cook County, the governmental entity that Sheahan represents. Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105 (1985). As such, Bell must satisfy the requirements of Monell v. Dep't. of Soc. Servs. by alleging that his termination was effected pursuant to a policy or custom of the county. 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 (1978). His complaint does not do so, even when read in the light most favorable to him. Even

if we were to ignore the clear indications that Sheahan is not sued in his individual capacity, Bell's claims would still not survive the motion to dismiss. There are no allegations that Sheahan was personally involved in the events of which Bell complains. Without such allegations, the complaint cannot stand as to Sheahan, and his procedural due process claims are therefore dismissed without prejudice. Doyle v. Camelot Care Centers, Inc., 305 F.3d 603, 615 (7th Cir. 2002).

Bell's equal protection claim, on the other hand, does state a cognizable claim. Sheahan mistakenly asserts that an equal protection claim must include a contention that the alleged unconstitutional behavior was at least in part related to a plaintiff's membership in a particular class. However, the Supreme Court has specifically acknowledged the existence of a "class of one" basis for an equal protection claim. Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 1074-75 (2000) (per curiam). A plaintiff may proceed under such a theory with allegations that a state actor intentionally treated him or her differently from other persons similarly situated, with no rational basis for the differing treatment. Bell has asserted that this set of circumstances occurred in his case. That is enough to defeat Sheahan's challenge to his equal protection claim at this stage.

**B. 42 U.S.C. § 1985 Claims**

Bell's complaint goes on to attempt to allege a conspiracy to deprive him of his civil rights in violation of 42 U.S.C. § 1985. Claims such as Bell's could conceivably

fall under one of two subsections of the statute: (1) or (3). However, a viable claim under § 1985(1) must involve interference with a federal officer. Kush v. Rutledge, 460 U.S. 719, 724-25, 103 S. Ct. 1483, 1486-47 (1983); Stern v. U.S. Gypsum, Inc., 547 F.2d 1329, 1336-40 (7th Cir. 1977). Bell unequivocally states that he was an employee of the state of Illinois, not the United States, so he cannot proceed under § 1985(1).

Neither can Bell seek relief under § 1985(3), which requires a plaintiff to allege that the offending conduct was driven by discriminatory animus. Brokaw v. Mercer County, 235 F.3d 1000, 1024 (7th Cir. 2000). Here, Bell has made no such allegation and in fact contends that the actions taken toward him were a result of enmity resulting solely from his stance on departmental overtime policies. As a result, he has no claim under § 1985(3).

In addition, we note that Bell's allegations of conspiracy consist exclusively of bare legal conclusions, devoid of proffered factual support. Leahy v. Bd. of Trustees of Comm. Coll. Dist. No. 508, 912 F.2d 917, 921-22 (7th Cir. 1990). Even if the other two deficiencies were not present, this condition would warrant dismissal of the complaint, which must allege the operative facts upon which a claim is based. Kyle v. Morton High Sch., 144 F.3d 448, 454-55 (7th Cir. 1998). Here, Bell has not provided enough information about the alleged conspiracy to allow Defendants to determine the

gravamen of his conspiracy claims, and dismissal is therefore appropriate on that ground as well. Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir. 1999).

**C. Title VII Claims**

Finally, we turn our attention to Bell's Title VII claims against the County (through Sheahan). As Defendants correctly point out, a Title VII plaintiff must obtain a right-to-sue letter from the EEOC or its state equivalent before pursuing a cause of action in federal court. Failure to comply with this requirement is grounds for dismissal of the employment discrimination claims. Perkins, 939 F.2d at 471. Bell has produced no such documentation, so his Title VII claims must be dismissed.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss the complaint is granted in part and denied in part. The dismissal of his procedural due process claim is without prejudice. Because all claims that could conceivably pertain to Andalina and Mazzone have been dismissed, they are dismissed as defendants from this action.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated:  May 25, 2005