UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IRVING BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 04 C 7184 |
| ) | |
| MICHAEL SHEAHAN, Sheriff of Cook County, ) | |
| Illinois, in his official capacity, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Defendant's, Michael Sheahan ("Sheriff"), Sheriff of Cook County, Illinois, Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. For the reasons set forth below, the Motion is granted.

## BACKGROUND

We only consider those relevant facts presented in conformity with Local Rule 56.1 ("L.R. 56.1"). Alleged facts not properly before us or unsupported by the record have been disregarded. See Brasic v. Heinemann's Inc., 121 F.3d 281, 284 (7th Cir.1997) (refusing to consider the plaintiff's additional facts where not supported by specific references to the record).

Plaintiff, Irving Bell ("Bell"), was hired by the Cook County Sheriff's Department on May 15, 1985, as a certified and sworn correctional officer. On May 26, 1992, Bell was transferred to the Department of Community Supervision and Intervention ("DCSI") as an Investigator II.

Pursuant to DCSI policy, which became effective on September 1, 2001, employees absent from work for 15 days or more must submit to mandatory drug testing by way of a urine test. Bell signed an acknowledgment of said drug policy on September 7, 2001, and, on at least five prior occasions during his employment, complied with the policy by submitting to the mandatory drug testing after returning to work from various prolonged absences. Bell admits that he is unaware of anyone who refused to take a drug test when asked to by the Sheriff's Office or who refused to take a drug test that the Sheriff did not recommended for termination.

On May 17, 2002, Bell was suspended for 29 days for failing to comply with a direct order. He served a portion of the suspension between September 16 and November 6, 2002. Bell returned to work on November 7, 2002, and was ordered to submit to a urine test. Subsequently, he met with Melody Morley, DCSI administrative assistant, advised her that he was not taking the drug test, was getting a lawyer, and would come back another time.

Bell's failure to take the drug test was in violation of the drug policy and therefore he was subject to dismissal. The Merit Board terminated Bell on January 16, 2003. Bell subsequently filed a complaint for administrative review of Merit Board's order terminating his employment and a supporting brief asking for reinstatement, which was denied on March 29, 2004.

Bell then filed the instant suit alleging the Sheriff violated 42 U.S.C. §§ 1983, 1985 and 2000e-3. On May 25, 2005, upon Sheriff's motion to dismiss, we dismissed the §§ 1985 and 2000e-3 claims. Subsequently, on November 14, 2005, Sheriff filed the instant Motion for Summary Judgment as to the remaining § 1983 claim.

## **LEGAL STANDARDS**

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505 (1986). In seeking a grant of summary judgment, the moving party must identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of

evidence to support the non-moving party's case." Celotex, 477 U.S. at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348 (1986); rather, "[a] genuine issue exists when the evidence is such that a reasonable jury could find for the non-movant." Buscaglia v. United States, 25 F.3d 530, 534 (7th Cir.1994). When reviewing the record, we must draw all reasonable inferences in favor of the non-movant; however, "we are not required to draw every conceivable inference from the record-only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir.1991). With these principles in mind we address Sheriff's Motion.

## DISCUSSION

Bell contends that the instant Motion should be denied because genuine issues of material fact exist. On November 14, 2005, because Bell appears *pro se* and as required by Local Rule 56.2, Sheriff provided Bell with appropriate written notice of the purpose of a summary judgment motion, the proper procedures to respond to such a motion and an explanation of the consequences of failing to do so. See Timms v..

Frank, 953 F.2d 281, 285 (7th Cir. 1992). Despite such notification, Bell failed to comply with those requirements. Bell admits, in his response to Sheriff's 56.1 statement, all of the facts Sheriff alleges except those put forth in paragraphs 10 and 11, which he disputes only as "non-factual." However, Bell fails to support his notion that factual disputes exist with any record citations as required by L.R. 56.1. In contrast, Sheriff has complied with the proper procedural requirements by providing such citations. Consequently, we find that no genuine issues of material fact exist and, therefore, turn and address whether Sheriff is entitled to judgment as a matter of law.

In bringing his § 1983 claim, Bell proceeds under a "class of one" equal protection theory as recognized by the Supreme Court in Village of Willowbrook v. Olech, 528 U.S. 562, 120 S. Ct. 1073 (2000). Under a "class of one" equal protection theory, Bell must show he was: "(1) intentionally treated differently from others similarly situated and (2) that there is no rational basis for the difference in treatment or the cause of the differential treatment is a 'totally illegitimate animus' toward the plaintiff by the defendant." McDonald v. Village of Winnetka, 371 F.3d 992, 1001 (7th Cir.2004) (quoting Nevel v. Village of Schaumburg, 297 F.3d 673, 681 (7th Cir.2002)).

Bell's claim fails in its entirety. First, he neglects to put forth any facts supporting the notion that he was treated differently than similarly situated employees.

The undisputed facts seem to support the exact opposite. It is undisputed that he is unaware of anyone who refused to take a drug test when asked or, when refused, was not recommended to be terminated. Furthermore, even if Bell were able to show he was treated differently than someone similar to himself, he fails to posit any facts supporting the notion that Sheriff's illegitimate animus resulted in the differential treatment. Without providing such, Bell's § 1983 claim fails as a matter of law.

## CONCLUSION

For the reasons set forth above, Sheriff's Motion for Summary Judgment is granted.

*Charles P. Kocoras*
_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated:   February 23, 2006